Caruthers J.,
delivered tbe opinion of' tbe Court.
This is an action of replevin for two- horses of tbe plaintiffs, seized by tbe defendant, as collector of tbe railroad tax of Warren county, for 1855, which bad been voted by tbe people, and assessed by tbe County Court, at $125, upon tbe privilege exercised by tbe plaintiffs of exhibiting a menagerie and circus, of which they the owners and managers. Tbe facts are agreed were *258 upon, and the judgment of the Court below upon the agreed case was for the defendant.
The only question raised in the case is, whether the act of 1852, ch. 117, sec. 5, page 162, authorizes a tax to be laid upon the plaintiffs for railroad purposes, under the circumstances stated. They had obtained a license from the clerk of the County Court, as required by the general law, but refused to pay the railroad tax.
The act referred to, provides that where any county has voted to take stock in any railroad, “it shall be the duty of the County Courts respectively, to levy a tax upon the taxable property, privileges, and persons by law liable to taxation in the county.” Is it a privilege by our law to exhibit a circus, or menagerie? It can only be lawfully done by obtaining a license to authorize it. It is then a right not open to all, but only to such as are empowered by license from the proper authority.
This is the test of a privilege, as we held in the case of French and others vs. W. D. Baher, collector of Davidson county at last derm. 4 Sneed, 193. That was also a question arising upon the railroad tax, levied by the County Court of Davidson, and depended upon the construction of the same act.
By the revenue act of 1848, ch. 161, sec. 9, clause 9, and sec. 20, this is expressly denominated a privilege, only to be exercised by the procurement of license, under penalties. It cannot be doubted then, that in 1852 the Legislature, in authorizing a tax upon privileges, intended to include exhibitions or shows of this kind.
The fact that the showmen were residents of another State, and only temporarily in Warren, can make no difference. They are permitted to exercise a privilege, *259 which is certainly not calculated to enhance the means, increase the happiness, or improve the morals of our people. A more fit and proper subject for taxation could not well be selected, if permitted to enter our borders at all, than these idle, vagabond strollers, which our population are perhaps too much induced to patronize.
At all events, we cannot for a moment believe that the Legislature intended to exclude this from the long list of taxable privileges.
There is, however, no room for construction, or conjecture, if we are right, in our definition of the word privilege, as used in our constitution and acts of Assembly, and of this, there' can be no doubt.
His Honor gave the right judgment on the agreed case, and we affirm it.